# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| VASSIL M. MARINOV and VENETKA V. MARINOVA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 4:12-CV-040-TLS |
| WAKE ROBIN ESTATES II HOMEOWNERS ASSOCIATION, INC. | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The Plaintiffs, Vassil M. Marinov and Venetka V. Marinova, proceeding pro se in this matter, bring this case to overturn a ruling by the Indiana Supreme Court. They filed a Pro Se Complaint [ECF No. 1] and a Petition for Leave to Proceed *in Forma Pauperis* [ECF No. 2] on July 18, 2012. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B).

The authority of federal district courts to review state court judgments and related claims is strictly limited by the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

> Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment. In determining whether a federal plaintiff seeks review of a state-court judgment, we ask whether the injury alleged

resulted from the state-court judgment itself. If it does, *Rooker-Feldman* bars the claim.

*Beth-El All Nations Church v. City of Chi.*, 486 F.3d 286, 292 (7th Cir. 2007) (citations omitted). The *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims 'inextricably intertwined' with state court judgments." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (citing *Rooker*, 263 U.S. at 415–16, and *Feldman*, 460 U.S. at 482 n.16)). This is such a case.

The Plaintiffs disagree with the ruling of the Indiana Supreme Court in which it affirmed rulings of the lower state courts. This Court lacks jurisdiction to overturn this ruling by the Indiana Supreme Court or the rulings by the lower state courts. In our federal system of government, only the United States Supreme Court has that authority. Because this Court lacks jurisdiction over the claims brought the Plaintiffs, it is legally frivolous and must be dismissed.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

SO ORDERED on July30, 2012.

                                                                s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION